UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ARTHUR DAVIS #320465                                CIVIL ACTION

versus                                              NO. 07-6389

N. BURL CAIN, WARDEN                                SECTION: "A" (3)

REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, for all of the following reasons, **IT IS RECOMMENDED** that these proceedings be **STAYED**.

Petitioner, Arthur Davis, is a state prisoner incarcerated at the Louisiana State Penitentiary, Louisiana. On November 20, 2003, he was convicted of second degree murder in violation of La.Rev.Stat.Ann. § 14:30.1.[1] On February 11, 2004, he was sentenced to a term of life imprisonment without benefit of parole, probation, or suspension of sentence.[2] On June 10, 2005,

---

[1] State Rec., Vol. V of V, trial transcript, p. 616; State Rec., Vol. I of V, minute entry dated November 20, 2003; State Rec., Vol. III of V, jury verdict form.

[2] State Rec., Vol. V of V, transcript of February 11, 2004, p. 5; State Rec., Vol. I of V, minute entry dated February 11, 2004.

the Louisiana First Circuit Court of Appeal affirmed his conviction and sentence.[3] He then filed with the Louisiana Supreme Court an application for a writ of certiorari and/or review which was denied on February 10, 2006.[4]

On or about October 5, 2006, petitioner filed with the state district court an application for post-conviction relief. That application was denied on February 13, 2007. Petitioner next filed with the Louisiana First Circuit Court of Appeal an application for a supervisory writ of review which was denied on May 14, 2007.[5] He then filed with the Louisiana Supreme Court an application for a writ of certiorari which remains pending.[6]

On September 4, 2007, petitioner filed this federal application for *habeas corpus* relief. In support of his application, he raises the following claims:

    1.    The trial court erred in denying petitioner's request for post-conviction DNA testing to prove his innocence;

    2.    Petitioner received ineffective assistance of counsel;

---

[3] State v. Davis, No. 2004-KA-1773 (La. App. 1st Cir. June 10, 2005). The state court record provided to this Court concerns only the original proceedings in the state district court. However, petitioner attached to his federal application what he purports are copies of the relevant documents relating to his appeal and post-conviction proceedings. See Rec. Doc. 1. The respondent has not challenged the authenticity of those documents.

[4] State v. Davis, 924 So.2d 164 (La. 2006) (No. 2005-K-1799).

[5] State v. Davis, No. 2007-KW-0416 (La. App 1st Cir. May 14, 2007). The Court of Appeal likewise refused petitioner's request for rehearing. State v. Davis, No. 2007-KW-0416 (La. App 1st Cir. June 20, 2007).

[6] In a telephone call on February 28, 2008, the Clerk's Office of the Louisiana Supreme Court confirmed that the writ application, which has been assigned docket number 2007-KH-1556, remains pending before that court.

3. The trial court lacked jurisdiction because petitioner's indictment was invalid;

4. There was insufficient evidence to support petitioner's conviction;

5. The trial court erred in allowing prejudicial, unqualified expert testimony;

6. The prosecutor engaged in misconduct by making improper comments;

7. The trial judge was biased; and

8. The trial court erred in denying petitioner's motion to suppress his pretrial statement.

## Exhaustion

Before seeking a federal writ of *habeas corpus*, a state prisoner must first exhaust his available state remedies, thereby giving the state courts the opportunity to pass upon and correct the alleged violations of his rights. To provide the state courts with that necessary opportunity, the prisoner must fairly present his claims in each appropriate state court, including a state supreme court with powers of discretionary review. 28 U.S.C. § 2254(b)(1); Baldwin v. Reese, 541 U.S. 27, 29 (2004). A federal court may raise *sua sponte* the lack of exhaustion. Magouirk v. Phillips, 144 F.3d 348, 357 (5th Cir. 1998); see also Tigner v. Cockrell, 264 F.3d 521, 526 n.3 (5th Cir. 2001); Shute v. Texas, 117 F.3d 233, 237 (5th Cir. 1997).

It is apparent from petitioner's application and the state court record that not all of his claims are yet exhausted. Several of petitioner's instant claims were asserted on direct review and are therefore exhausted. However, his remaining claims were first asserted in the ongoing state post-conviction proceedings and cannot be considered exhausted until the Louisiana Supreme Court rules on his pending writ application. Therefore, petitioner's federal application is a "mixed petition" containing both exhausted and unexhausted claims. Such mixed petitions should normally be dismissed without prejudice. Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998).

In this case, however, petitioner explains that his mixed petition was filed as a "protective petition" to avoid any potential problem with the federal statute of limitations.[7] The United States Supreme Court has expressly sanctioned the use of such protective petitions. Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). When such a petition is filed, the district court generally should not dismiss the mixed petition but instead should "stay and abey the federal habeas proceedings until state remedies are exhausted." Id.; see also Rhines v. Weber, 544 U.S. 269 (2005).

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that these proceedings be **STAYED** and that the Clerk of Court mark this action **CLOSED** for statistical purposes. **IT IS FURTHER RECOMMENDED** that the Court retain jurisdiction in this matter and that petitioner be allowed to file a motion to reopen these proceedings within thirty (30) days after the Louisiana Supreme Court issues its ruling on his pending writ application.

---

[7] Rec. Doc. 1, supporting memorandum, p. 2.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-eighth day of February, 2008.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**